UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DOLORES EISENBAND,
individually and on behalf of all
others similarly situated,

       Plaintiff,

v.

GARCADIA HOLDINGS, LLC d/b/a
NORTHWEST CHRYSLER JEEP DODGE RAM,

       Defendant.
_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Dolores Eisenband brings this class action against Defendant Garcadia Holdings, LLC d/b/a Northwest Chrysler Jeep Dodge Ram, and alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1.    This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), arising from Defendant's practice of harassing consumers with prerecorded telemarketing calls.

2.    Defendant is one of the largest automotive retailers in the country. It owns and operates 28 domestic and foreign automobile dealerships in California, Iowa, Texas, and Michigan.

3.    Despite its limited geographic market, Defendant engages in mass telemarketing to consumers throughout the United States, regardless of whether these consumers reside within Defendant's geographic market.

4.    Such was the case here. Specifically, Defendant contacted Plaintiff – a Florida

1

resident with a Broward County area code telephone number – with a prerecorded telemarketing call that advertised one of Defendant's dealerships.

5. Through this action, Plaintiff seeks to hold Defendant accountable for its flagrant violations of the TCPA, and for willfully and knowingly violating the privacy of thousands of consumers.

6. Plaintiff, for herself and a Class of similarly situated individuals, seeks injunctive relief to halt Defendant's illegal conduct which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of herself and members of the class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

### Subject-Matter Jurisdiction

7. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

### Personal Jurisdiction

8. "TCPA violations are tortious acts," and "committing a tortious act within Florida 'can occur by making telephonic, electronic, or written communications into this State…" *Keim v. ADF MidAtlantic, LLC*, 199 F. Supp. 3d 1362, 1363 (S.D. Fla. 2016) (Marra, J.) (citations

omitted).  "Thus, Florida's long-arm statute is satisfied as to a TCPA claim that arises from a non-resident defendant making a telephonic communication into Florida." *Id.*

9. Defendant committed a tortious act within the State of Florida by placing prerecorded calls into Florida in violation of the TCPA and, therefore, Florida's long-arm statute is satisfied.

10. Further, the exercise of personal jurisdiction over Defendant does not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

11. First, Plaintiff's claim arises directly from a prerecorded telemarketing call that Defendant made to this forum.  Accordingly, there is a direct causal relationship between Defendant, the forum, and this litigation.

12. Second, Defendant's TCPA violations (1) were intentional – Defendant intentionally placed prerecorded calls to the cellular telephones of Plaintiff and members of the class; (2) were aimed at Florida – Defendant knew or should have known, or was willfully ignorant, that its practice of indiscriminately robocalling cellular telephones would result in contacts to individuals, including Plaintiff and members of the class, who reside in Florida; and (3) caused harm that Defendant should have anticipated would be suffered in Florida – Defendant unlawfully contacted the cellular telephones of individuals residing all over the country, and, because of the mobility of cellular telephones, should have anticipated that some of those individuals reside in Florida.

13. Third, the exercise of personal jurisdiction over Defendant comports with traditional notions of fair play and substantial justice, and would not be unreasonable.  Specifically, (1) modern methods of transportation and communication significantly reduce any burden to Defendant; (2) the state of Florida has an interest in adjudicating a dispute regarding an intentional tort involving one of its own residents – and, on information and belief, Defendant has made the same calls complained

of by Plaintiff to other residents of this state; (3) Plaintiff has a greater interest in obtaining convenient and effective relief; and (4) the judicial system's interest in obtaining the most efficient resolution of this controversy weighs in favor of exercising jurisdiction.

## Venue

14. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred within the State of Florida and, on information and belief, Defendant has sent the same messages complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, subjecting Defendant to jurisdiction in the State of Florida.

## PARTIES

15. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Broward County, Florida.

16. Defendant is a Delaware limited liability company with its principal place of business located at 405 South Main Street, Suite 1200, Salt Lake City, UT 84111. Defendant owns, operates, and does business as Northwest Chrysler Jeep Dodge Ram located at 19616 Northwest Fwy, Houston, Texas 77065. Defendant is a joint venture between Leucadia National Corporation and Garff Enterprises, Inc.

## THE TCPA

17. The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system or an artificial or prerecorded voice; (3) without the

recipient's prior express consent.  47 U.S.C. § 227(b)(1)(A).

18. The TCPA exists to prevent communications like the ones described within this Complaint.  "Voluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

19. In an action under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice."  *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

20. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA.  According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.  *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

21. In 2012, the FCC issued an order tightening the restrictions for automated telemarketing calls, requiring "prior express **written** consent" for such calls to wireless numbers.  *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012)(emphasis supplied).

22. To obtain express written consent for telemarketing calls, a defendant must establish that it secured the plaintiff's signature in a form that gives the plaintiff a "'clear and

conspicuous disclosure' of the consequences of providing the requested consent….and having received this information, agrees unambiguously to receive such calls at a telephone number the [plaintiff] designates." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

23. The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12). In determining whether a communication constitutes telemarketing, a court must evaluate the ultimate purpose of the communication. *See Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 820 (8th Cir. 2015).

24. "Neither the TCPA nor its implementing regulations 'require an explicit mention of a good, product, or service' where the implication of an improper purpose is 'clear from the context.'" *Id*. (citing *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012)).

25. "'Telemarketing' occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services." *Golan*, 788 F.3d at 820 (citing 47 C.F.R. § 64.1200(a)(2)(iii); 47 C.F.R. § 64.1200(f)(12); *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd at 14098 ¶ 141, 2003 WL 21517853, at *49).

26. The FCC has explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶¶ 139-142 (2003). This is true whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the call *or in the future*. *Id*.

27. In other words, offers "that are part of an overall marketing campaign to sell

6

property, goods, or services constitute" telemarketing under the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 136 (2003).

28. If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent. *See In the Matter of Rules and Regulaions Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

29. As recently held by the United States Court of Appeals for the Ninth Circuit: "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp.*, No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

**FACTS**

30. On or about September 23, 2017 at 9:21 a.m., Defendant caused the following prerecorded message to be transmitted to Plaintiff's cellular telephone number with an area code of 954 and ending in 8906 (the "8906 Number"):

> Hey folks it's David over at Northwest Chrysler Dodge Jeep and RAM. Car sales in our area are at the highest of the year this summer. Because of that, I'm calling to invite you to take part in our Autotrend Sales Event going on right now. Every vehicle is priced to sell. Also, we're wanting to restock our inventory and we're looking for trades of all makes and models. So you do not want to miss out on this exlusive buyback program. With used car values at a near all time high, there's never been a better opportunity for you to trade-up into a newer vehicle. You can push, pull, or even drag in your vehicle and get top dollar for your trade. So please call me back today to take advantage of this opportunity at 832-648-4828, and setup an appointment. I'll make sure you get more than your vehicle is worth, so call me back today folks,

please don't wait. That's 832-648-4828. I look forward to seeing you when you come over to Northwest Chrysler Dodge Jeep and RAM.

31. The prerecorded message originated from telephone number 832-648-4828, a telephone number owned and/or operated by Defendant.

32. Defendant transmitted the above prerecorded message to Plaintiff and others to encourage them to visit Defendant's dealership, at which point Defendant would attempt to sell a vehicle to these unsuspecting consumers.

33. The above prerecorded message was transmitted to Plaintiff's cellular telephone, and within the time frame relevant to this action.

34. Defendant's prerecorded message constitutes telemarketing because it encouraged the future purchase or investment in property, goods, and/or services, i.e., a vehicle from Defendant's inventory and related services.

35. Plaintiff received the subject prerecorded message within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district. Upon information and belief, Defendant caused other prerecorded messages to be sent to individuals residing within this judicial district.

36. Upon information and belief, Defendant has received one or more complaints from recipients of its prerecorded calls who do not reside within Defendant's geographic market, placing Defendant on notice that its telemarketing activities are impacting residents of states outside of Defendant's geographic market.

37. At the time Defendant caused the subject prerecorded call to be made to Plaintiff's cellular telephone, Defendant knew or should have known, or was willfully ignorant, that Plaintiff was a resident of Florida.

38. At the time Defendant caused prerecorded calls to be made to the cellular

telephones of other individuals residing in Florida, Defendant knew or should have known, or was willfully ignorant, that these individuals were residents of Florida.

39. At no point in time did Plaintiff provide Defendant with her express consent to be contacted using a prerecorded message or artificial voice.

40. Plaintiff is the subscriber and sole user of the 8906 Number.

41. Defendant's unsolicited prerecorded message caused Plaintiff actual harm, including invasion of her privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's prerecorded message also inconvenienced Plaintiff and caused disruption to his daily life.

## CLASS ALLEGATIONS

### PROPOSED CLASS

42. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and all others similarly situated.

43. Plaintiff brings this case on behalf of a Class defined as follows:

> **All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a call using an artificial or prerecorded voice, from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number, without emergency purpose and without the recipient's prior express written consent.**

44. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

45. Upon information and belief, Defendant has placed prerecorded calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their

prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

46. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

47. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

> (1) Whether Defendant made non-emergency calls to Plaintiff's and Class members' cellular telephones using a prerecorded or artificial voice;
>
> (2) Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls;
>
> (3) Whether Defendant's conduct was knowing and willful;
>
> (4) Whether Defendant is liable for damages, and the amount of such damages; and
>
> (5) Whether Defendant should be enjoined from such conduct in the future.

48. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits prerecorded messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

49. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

50.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

51.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

52.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.  For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
<u>**Violations of the TCPA, 47 U.S.C. § 227(b)**</u>
**(On Behalf of Plaintiff and the Class)**

53. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

54. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

55. Defendant – or third parties directed by Defendant – transmitted calls using an artificial or prerecorded voice to the cellular telephone numbers of Plaintiff and members of the putative class.

56. These calls were made without regard to whether Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made.

57. Defendant has, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by using an artificial or prerecorded voice to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express consent.

58. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls. *Id*.

## COUNT II
### Knowing and/or Willful Violation of the TCPA, 47 U.S.C. § 227(b)
### (On Behalf of Plaintiffs and the Class)

59. Plaintiffs re-allege and incorporate the foregoing allegations as if fully set forth herein.

60. At all times relevant, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

61. Defendant knew that it did not have prior express consent to transmit artificial or prerecorded voice calls, and knew or should have known that its conduct was a violation of the TCPA.

62. Because Defendant knew or should have known that Plaintiffs and Class Members had not given prior express consent to receive its prerecorded calls, the Court should treble the amount of statutory damages available to Plaintiffs and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

63. As a result of Defendant's violations, Plaintiffs and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff, Dolores Eisenband, on behalf of himself and the other members of the Class, pray for the following relief:

a. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b. An injunction prohibiting Defendant from using an artificial or prerecorded voice to contact telephone numbers assigned to cellular telephones without the prior express permission of the called party;

    c.  An award of actual and statutory damages; and

    d.  Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

Date: January 30, 2018

Respectfully submitted,

| | |
|---|---|
| **HIRALDO P.A.**<br><br>*/s/ Manuel S. Hiraldo*<br>Manuel S. Hiraldo<br>Florida Bar No. 030380<br>401 E. Las Olas Boulevard<br>Suite 1400<br>Ft. Lauderdale, Florida 33301<br>Email: mhiraldo@hiraldolaw.com<br>Telephone: 954.400.4713<br><br>*Counsel for Plaintiff* | **KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT**<br>Jeffrey M. Ostrow, Esq.<br>Florida Bar No. 121452<br>ostrow@kolawyers.com<br>Scott A. Edelsberg, Esq.<br>Florida Bar No. 100537<br>edelsberg@kolawyers.com<br>1 W. Las Olas Blvd.<br>Suite 500<br>Fort Lauderdale, Florida 33301<br>(t) 954-449-4602<br><br>*Counsel for Plaintiff* |
| **SHAMIS & GENTILE, P.A.**<br>Andrew J. Shamis<br>Florida Bar No. 101754<br>ashamis@shamisgentile.com<br>14 NE 1st Avenue, Suite 400<br>Miami, Florida  33132<br>(t) (305) 479-2299<br>(f) (786) 623-0915<br><br>*Counsel for Plaintiff* | |