UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-60195-Civ-Scola

DOLORES EISENBAND,
Individually and on behalf of all
others similarly situated,

    Plaintiff,
v.

GARCADIA HOLDINGS, LLC d/b/a
NORTHWEST CHRYSLER JEEP DODGE RAM,

    Defendant.
_____/

**DEFENDANT, GARCADIA HOLDINGS, LLC'S AMENDED MOTION
TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

    Defendant, Garcadia Holdings, LLC ("Defendant"), hereby files its Amended Motion to Dismiss the Class Action Complaint ("Complaint") filed by the Plaintiff, Dolores Eisenband, individually and on behalf of all others similarly situated ("Plaintiff").[1] In support thereof, Defendant states as follows:

**I.    PRELIMINARY STATEMENT**

    Plaintiff's Complaint for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA" or "Act"), must be dismissed for lack of standing and improper venue. If not dismissed, the class action allegations should be stricken as the class definition creates an impermissible fail-safe class.

    In her Complaint, Plaintiff claims that Defendant - which owns and operates automobile dealerships <u>in California and Texas</u>, including the subject dealership, Northwest Chrysler Dodge Jeep Ram, located in Houston, Texas (the "Dealership") - violated 47 U.S.C. §227(b) by causing

---

[1] Subsequent to the filing of its Motion for Leave to File an Amended Motion to Dismiss Plaintiff's Class Action Complaint or, in the Alternative, Motion to Stay and Request to Abate Ruling on Defendant's Pending Motion to Dismiss Plaintiff's Class Action Complaint or, in the Alternative, Motion to Stay [D.E. #20], Defendant became aware of the United States Court of Appeals for the District of Columbia's recent decision in *ACA International v. FCC,* 885 F.3d 687 (D.D.C. 2018). As Defendant's argument to stay this case, as asserted in its proposed Amended Motion to Dismiss Plaintiff's Class Action Complaint or, in the Alternative, Motion to Stay, was based upon the pendency of that appeal, that argument is now moot. Accordingly, that argument is not included in the instant Amended Motion.

a prerecorded message to be transmitted to her telephone soliciting sales. [D.E. #1, ¶¶ 30, 53-63]. Plaintiff, however, does not (and cannot) sufficiently allege that she suffered any tangible injury stemming from the alleged violation of the TCPA. Rather, Plaintiff alleges that she (and other putative class members) suffered "an invasion of her privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion." *Id*. at ¶41. These allegations are insufficient to claim injury and do not create a case or controversy. Accordingly, Plaintiff lacks Article III standing to bring her Complaint, the Court lacks subject-matter jurisdiction, and, thus, the Plaintiff's Complaint must be dismissed.

The Complaint should also be dismissed or, alternatively, should be transferred to the United States District Court for the Southern District of Texas (the District in which the Dealership in located) as Florida is not a proper venue. As the Dealership is not located in Florida, the vast majority of the putative class members would not be located in Florida but within the vicinity of the Dealership. Moreover, the Court should strike Plaintiff's class allegations as an improper attempt to allege a "fail-safe class."

**II.     BACKGROUND**

Plaintiff originally filed a Class Action Complaint against Garff Enterprises, Inc. ("Garff") on November 20, 2017 in the matter styled *Dolores Eisenband v. Garff Enterprises, Inc.*, Case No. 0:17-cv-62274-FAM in the United States District Court for the Southern District of Florida (the "Prior Action"), arising out of the exact same alleged TCPA violation that is asserted in the instant action. Garff is one of six (6) holding companies under the Ken Garff Automotive Group ("KGAG") umbrella, as is Defendant (the latter of which operates the Dealership). None of the six (6) holding companies under the KGAG umbrella operates any automobile dealerships in Florida.

On January 15, 2018, Plaintiff amended her Complaint in the Prior Action, replacing Garff with Defendant. On January 29, 2018, the Court in the Prior Action entered its Order dismissing the Prior Action and requiring Plaintiff to initiate a new lawsuit if she intended to proceed against Defendant. On January 30, 2018, Plaintiff filed her Complaint in this Action. [D.E. #1].

As she did in the Prior Action, Plaintiff alleges that Defendant violated the TCPA by contacting her with a single "prerecorded" message on September 23, 2017. *Id.* at ¶30. Plaintiff

alleges that she received the call on her cellular telephone at a number with an area code of 954 and ending in 8906. *Id*. The TCPA provides that it is unlawful to make any call using any automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service unless: (1) it is made for emergency purposes; (2) it is made with the prior express consent of the called party; or (3) unless the call is made to collect a debt owed to or guaranteed by the United States. 47 U.S.C. § 227(b)(1)(B).

Plaintiff alleges that she did not give prior express permission for Defendant to contact her using an ATDS or prerecorded messages. [D.E.#1, ¶39]. Plaintiff acknowledges that Defendant is a Delaware limited liability company with its principal office in Utah. *Id.* at ¶16. Plaintiff alleges that Defendant "owns and operates 28 domestic and foreign automobile dealerships in California, Iowa, Texas and Michigan;" Plaintiff does not (and cannot) allege that Defendant owns or operates any such dealerships in Florida. *Id.* at ¶2. In fact, Defendant does not own or operate any auto dealerships in Florida or otherwise sell any goods or provide any services to consumers in Florida, does not own, use, possess, or have any interest in real property in Florida, does not employee any individuals in Florida, and is not registered with the Florida Secretary of State.

Plaintiff seeks an injunction enjoining Defendant from making unsolicited calls in violation of the TCPA and a minimum of $500 for each violation (and to have damages trebled for willful or knowing violations as provided by § 227(b)(3) of the Act). [D.E. #1, ¶58, "Wherefore" clause following ¶63].

**III.    LEGAL STANDARD**

    **A.    Rule 12(b)(1) – *Spokeo* And Requirements For Article III Standing**

Article III of the United States Constitution limits the jurisdiction of the judicial branch to cases and controversies, and "standing to sue" is "a doctrine rooted in the traditional understanding of a case or controversy…and developed in [the] case law to ensure that federal courts do not exceed their authority as it has been traditionally understood." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1546-47 (2016). To establish standing, Plaintiff "must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Meyers v. Nicolet Rest. of De Pere, LLC*, 2016 U.S. App. LEXIS 22139, *4 (7th Cir. Wis. Dec. 13, 2016) (quoting *Lujan v.*

*Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). The injury-in-fact must be "fairly traceable to the challenged conduct of the defendant" and "likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S. Ct. at 1547. More than a "bare procedural violation, divorced from any concrete harm" is required to satisfy Article III's injury-in-fact requirement. *Meyers*, 2016 U.S. App. LEXIS 22139, *6.

"Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo*, 136 S. Ct. at 1549. Injury-in-fact is a constitutional requirement, and "[i]t is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Id*. at 1547-48; *Raines v. Byrd*, 521 U.S. 811, 820 n.3 (1997) ("Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing."); *Summers v. Earth Island Inst.*, 555 U.S. 488, 497 (2009) (because the injury-in-fact requirement "is a hard floor of Article III jurisdiction," it "cannot be removed by statute."). Moreover, the Supreme Court has "always insisted on strict compliance with this jurisdictional standing requirement." *Id*. at 819. As the Supreme Court has recently cautioned, "[i]n an era of frequent litigation, class actions, sweeping injunctions with prospective effect, and continuing jurisdiction to enforce judicial remedies, courts must be more careful to insist on the formal rules of standing, not less so." *Ariz. Christian Sch. Tuition Org. v. Winn.*, 563 U.S. 125, 146 (2011).

Plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements and, at the pleading stage, "the plaintiff must 'clearly…allege facts demonstrating' each element." *Id*. at 1547. Where a plaintiff fails to establish standing, the court lacks jurisdiction and the case must be dismissed. *See generally Meyers*, 2016 U.S. App. LEXIS 22139, *3-10.

### B. <u>Rule 12(b)(3) – Venue</u>

Pursuant to Federal Rule of Civil Procedure 12(b)(3), a defendant may challenge the venue of an action. 28 USCS § 1391(b) governs venue more specifically and provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the

> events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

As discussed below, neither the first basis (which is dependent on the personal jurisdiction analysis) or the second basis can be established, and the third basis has not been pled. Even if, *arguendo*, any of those bases applies and venue is correct, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought" pursuant to 28 USCS § 1404(a) when a "substantial part of the events or omissions" could not have occurred in Florida.

## IV. ARGUMENT

Even when viewing the facts in a light most favorable to the non-moving party, the Court should dismiss Plaintiff's Class Action Complaint for lack of standing and improper venue. The Class Action Complaint lacks sufficient allegations of concrete harm, making vague and conclusory allegations regarding a single alleged prerecorded message, the sort of *de minimis* harm that is insufficient to satisfy Article III's standing requirement. Additionally, a substantial part of any of the events giving rise to Plaintiff's Class Action Complaint could not have occurred in the Southern District of Florida as the Dealership in located in Houston, Texas (the United States District Court for the Southern District of Texas).

### A. Plaintiff Has Failed To Sufficiently Allege An Injury-In-Fact Sufficient To Confer Article III Standing.

Many courts have dismissed actions brought for bare statutory violations since the Supreme Court's holding in *Spokeo*, holding that such allegations do not suffice to establish Article III standing. In *Meyers*, for example, the Seventh Circuit considered *Spokeo's* holdings in the context of an alleged violation of the Fair Credit Reporting Act ("FRCA"). *Meyers*, 2016 U.S. App. LEXIS 22139. The plaintiff claimed that defendant violated the FRCA when it gave him a receipt showing his credit card's full expiration date, but sought only statutory damages (in addition to class certification). *Id*. at *2-3. The Seventh Circuit concluded, in light of *Spokeo* and other precedent, that plaintiff had not suffered any actual harm because he discovered the violation immediately and nobody else ever saw the non-compliant receipt. *Id*. at 7-9. Congress

had sought to limit FRCA lawsuits to consumers suffering from actual harm, but plaintiff was not such a person and, therefore, lacked standing. *Id*. Plaintiff here has similarly relied on vague, conclusory allegations of statutory violations, with generic assertions of harm related to "invasion of her privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion." [D.E. #1, ¶41]. Even if sufficiently particular, these alleged damages are so *de minimis* that they cannot rise to the level of a cognizable injury.

The Supreme Court has held that "[t]here is…a *de minimis* level of imposition with which the Constitution is not concerned." *Ingraham v. Wright*, 430 U.S. 651, 674 (1977); *see also Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 839-40 (9th Cir. 2007) (*de minimis* injury alleged in complaint was "too trifling of an injury to support constitutional standing"). For example, in *Hernandez v. Path, Inc.*, 2012 U.S. Dist. LEXIS 151035, *1-2 (N.D. Cal. Oct. 19, 2012), the plaintiff alleged that a cell phone application he downloaded had caused "diminished mobile device resources" and the loss of "two to three seconds of battery capacity." The district court found these allegations of diminished resources were so *de minimis* that they could not establish Article III standing. The same holds true here. Plaintiff vaguely alleges invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion resulting from the receipt of *a single alleged call* lasting less than one minute. [D.E. #1, ¶41]. Such "harm" should not be deemed sufficient to invoke the jurisdiction of the federal courts.

Courts have dismissed purported TCPA lawsuits that rely on similarly conclusory and *de minimis* allegations of harm since *Spokeo*. *See Kostmayer Constr., LLC v. Port Pipe & Tube, Inc.*, No. 2:16-cv-01012, 2016 U.S. Dist. LEXIS 145947 (W.D. La. Oct. 19, 2016) (dismissing TCPA claims where plaintiff alleged statutory violation and made only general reference to the harms contemplated by Congress). Defendant does not contend that TCPA violations could never cause injury in fact, but merely that a *single alleged call* to Plaintiff is *de minimis*.

Because Plaintiff has not sufficiently alleged a concrete and particularized injury-in-fact, she lacks Article III standing and the case must be dismissed.

### B. Florida is an Improper Venue for this Putative Class Action

Defendant moves that the Court dismiss the matter for improper venue or transfer it from the Southern District of Florida to the United States District Court for the Southern District of Texas or other judicial district geographically proximate to Defendant's business.

In assessing whether a "substantial part of the events or omissions giving rise to the claim occurred" in a particular district, courts should consider "only those acts and omissions that have a close nexus to the wrong." *Brownsberger v. Gexa Energy, LP*, 2011 U.S. Dist. LEXIS 5214, *14, 2011 WL 197464 (S.D. Fla. Jan. 19, 2011). In the instant action, a "substantial part of the events or omissions" could not have occurred in Florida. Plaintiff alleges a proposed class of "thousands" who received the subject prerecorded message soliciting sales at the Dealership. [D.E. #1, ¶45]. The class, if it exists, would logically be centered in the state where the Dealership is located (Texas), not Florida. As such, venue in the Southern District of Florida is inappropriate, and the matter should be dismissed.

C. **Even if Florida is a Proper Venue, Transfer is Appropriate**

To obtain dismissal under the transfer doctrine, a "moving party must demonstrate that (1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice." *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1310-11 (11th Cir.2001).

With regard to the public and private factors, a court considers:

> the plaintiff's initial choice of forum; the convenience of the parties; the convenience of the witnesses; the relative ease of access to sources of proof; the availability of compulsory process for witnesses; the location of relevant documents; the financial ability to bear the cost of the change; and trial efficiency. *Walters v. McMahen*, 2011 U.S. Dist. LEXIS 28506, *11 (M.D. Ala. Mar. 18, 2011).

Here, the United States District Court for the Southern District of Texas, where the Dealership is located, would be more efficient, as it is proximate to the Dealership as well as the geographic region where Defendant conducts the business of the Dealership. The only factor that would seem to weigh in favor of Plaintiff would be the burden on Plaintiff. Given that class damages exceed $5,000,000, such a burden is insignificant. [D.E. #1, ¶7]; s*ee also Walters v. McMahen*, 2011 U.S. Dist. LEXIS 28506 (M.D. Ala. Mar. 18, 2011) ("[A] plaintiff's chosen forum is entitled to less deference when the action is one brought on behalf of a class of persons similarly situated."). This is especially true when it would be inconvenient to the purported class. In light of the foregoing, Defendant requests transfer of venue if the Court does not otherwise dismiss the action.

### D. Plaintiff's Class Allegations Create an Impermissible Fail-Safe Class

Plaintiff's class allegations should be stricken because they create an impermissible fail-safe class. A person qualifies as a member of a fail-safe class if the person has a valid claim. It purports to include only those who are entitled to relief, and is improper because a class member either wins or, by virtue of losing, is defined out of the class and is, therefore, not bound by the judgment. *See Alhassid v. Bank of Am., N.A.*, 307 F.R.D. 684, 694 (S.D. Fla. 2015). The fail-safe class obtained its label because the class definition precludes the possibility of an adverse judgment against class members; the class members either win or are not in the class.

Plaintiff proposes the following class definition in Paragraph (43) of the Class Action Complaint:

> All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a call using an artificial or prerecorded voice, from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number, without emergency purpose and without the recipient's prior express written consent.

Putting aside the inability to satisfy the requirements under Rule 23, Plaintiff's class allegations plead an impermissible fail-safe class that requires individualized merits-based determinations to ascertain class membership. Plaintiff's class definition is a classic example of a fail-safe class because it includes only those individuals who did not provide express written consent to be contacted and who were contacted via an ATDS or prerecorded voice. Because a lack of consent and use of an ATDS/prerecorded voice is a requirement for liability under the TCPA, Plaintiff's proposed class depends on Defendant's liability and so is an impermissible fail-safe class. Courts across the country routinely grant motions to strike class allegations in TCPA actions alleging fail-safe classes. *See, e.g., Zarichny v. Complete Payment Recovery Servs.*, 80 F. Supp. 3d 610, 625 (E.D. Pa. 2015) (granting motion to dismiss and strike fail-safe class allegations where "the putative TCPA class is comprised of those people who received CPRS telephone calls without the recipient's "prior express consent"); *Espejo v. Santander Consumer USA, Inc.*, 2016 U.S. Dist. LEXIS 142259, at *26-27 (N.D. Ill. Oct. 14, 2016) (holding that plaintiff proposed an impermissible fail-safe TCPA class where membership required "a determination of consent – *i.e.,* whether the called party's number was 'volunteered' or 'verified' before [the defendant] used it"); *Sauter v. CVS Pharmacy, Inc.*, 2014 U.S. Dist.

LEXIS 63122 (S.D. Ohio May 7, 2015) (reviewing cases addressing whether proposed TCPA classes defined to include individuals who did not provide prior express consent qualified as fail-safe classes and finding that such classes are impermissible); *Leyse v. Lifetime Entm't Servs., LLC*, 2017 U.S. App. LEXIS 2607, *3 (2d Cir. N.Y. Feb. 15, 2017); *Dixon v. Monterey Fin. Servs., Inc.*, 2016 U.S. Dist. LEXIS 82601 (N.D. Cal. June 24, 2016); *Dixon v. Monterey Fin. Servs., Inc.*, 2016 U.S. Dist. LEXIS 111687 (N.D. Cal. Aug. 22, 2016).

## V. CONCLUSION

For the foregoing reasons, Defendant, Garcadia Holdings, LLC, respectfully requests that this Court grant its motion and dismiss Plaintiff's Class Action Complaint in its entirety, or, in the alternative, strike the class allegations and transfer the matter.

Respectfully submitted this 27th day of April, 2018.

By: *s/ Robin Taylor Symons*
**Robin Taylor Symons, Esq.**
Florida Bar No. 356832
rsymons@gordonrees.com
**Eric R. Thompson, Esq.**
Florida Bar No. 888931
ethompson@gordonrees.com
**GORDON & REES**
**SCULLY MANSUKHANI**
100 S.E. Second Street
Suite 3900
Miami, FL  33131
Tel: (305) 428-5300
Fax: (877) 644-6209
*Counsel for Defendant*
*Garcadia Holdings, LLC*

CASE NO.: 18-60195-Civ-Scola

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2018 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the attorneys identified on the following Service List.

*s/ Eric R. Thompson*
Eric R. Thompson, Esq.

**Service List**

**Manuel S. Hiraldo, Esq.**
mhiraldo@hiraldolaw.com
Hiraldo P.A.
401 E. Las Olas Boulevard
Ft. Lauderdale, Florida 33301
*Attorneys for Plaintiff*

**Andrew J Shamis, Esq.**
ashamis@shamisgentile.com
Shamis & Gentile, P.A.
14 N.E. 1st Avenue, Suite 400
Miami, Florida 33132
*Attorneys for Plaintiff*

**Jeffrey M. Ostrow, Esq.**
ostrow@kolawyers.com
**Scott A. Edelsberg, Esq.**
edelsberg@kolawyers.com
Kopelowitz Ostrow
Ferguson Weiselberg Gilbert
1 W. Las Olas Blvd, Suite 500
Fort Lauderdale, Florida 33301
*Attorneys for Plaintiff*